UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

DARRYL GRAY,

                            Petitioner,

    -against-

SUPERINTENDENT HAROLD D. GRAHAM,

                            Respondent.

----------------------------------X

**MEMORANDUM AND ORDER**

16-cv-07203 (KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

Pro se petitioner Darryl Gray ("Petitioner") brings the above-captioned petition pursuant to 28 U.S.C. § 2254, alleging that his resentencing adding a period of post-release supervision violates his constitutional rights. (ECF No. 1, Petition for a Writ of Habeas Corpus ("Pet.") at 5.)[1] The claims arise out of the defendant's resentencing in the Supreme Court, Queens County, on August 21, 2012. (*Id.*) For the reasons stated below, the petition is denied.

## BACKGROUND

On March 29, 2004, petitioner was sentenced in New York State Supreme Court, Queens County, to a sentence of 50 years imprisonment based on nine counts of robbery in the first

---

[1] The page numbers cited herein refer to the page numbers assigned by the Electronic Court Filing System ("ECF") unless otherwise indicated.

1

degree and one count of criminal possession of stolen property in the fifth degree. (ECF No. 7-1, State Court Rec. at 12-13, 40-41.) The sentencing judge also "impose[d] a period of post-release supervision[,]" but did not specify the length of supervision. (*Id.* at 41.) The judgment was affirmed on direct appeal to the Appellate Division of the Supreme Court, Second Department, and the New York Court of Appeals denied leave to appeal. *People v. Gray*, 35 A.D.3d 629 (2d Dep't 2006), *leave denied*, 8 N.Y.3d 984 (2007).

By letter dated June 25, 2012, the Department of Corrections and Community Supervision alerted the sentencing court that it had not imposed the terms of post-release supervision, which were required to accompany petitioner's determinate prison terms under N.Y. Penal Law § 70.45(1). (State Court Rec. at 45.) On August 21, 2012, petitioner was resentenced to a sentence containing a 5-year period of post-release supervision. (State Court Rec. 47-51.)

On direct appeal to the Appellate Division of the Supreme Court, Second Department, petitioner argued that his resentencing violated his right to due process and subjected him to double jeopardy. (State Court Rec. 72-77.) The Appellate Division affirmed the resentencing, stating that "[s]ince the defendant had not yet completed his originally imposed sentence of imprisonment when he was resentenced, his resentencing to

2

include the statutorily required periods of post-release supervision did not subject him to double jeopardy or violate his right to due process of law." *People v. Gray*, 129 A.D.3d 1101 (2d Dep't 2015). The Court of Appeals denied petitioner leave to appeal on September 23, 2015. *People v. Gray*, 26 N.Y.3d 968 (2015).

Petitioner filed his habeas petition on December 23, 2016, arguing again that the resentencing to set a term of post-release supervision violated his due process rights and subjected him to double jeopardy. (Pet. at 5.) Respondent filed its opposition to the petition on April 17, 2017, and petitioner filed his reply by June 29, 2017. (*See* ECF No. 7, Response to Petition for Writ of Habeas Corpus ("Resp. to Pet."); ECF No. 9, Memorandum in Support of Habeas Petition ("Memo in Support") at 8.)

**LEGAL STANDARD**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), there is a one year statute of limitations for state prisoners bringing habeas corpus petitions in federal court. As relevant here, the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "[D]irect review, as used in Section

2244(d)(1)(A), includes direct review by the United States Supreme Court via writ of certiorari, and . . . the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

A conviction becomes final when the time for direct appeal expires or the Supreme Court denies certiorari. *Id.* The time for seeking review in the Supreme Court expires ninety days after conclusion of direct review in state court. *See* U.S. Sup. Ct. R. 13(1). The one-year statute of limitations can be tolled only for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**DISCUSSION**

Petitioner's application for a writ of habeas corpus was filed outside of the one-year statute of limitations and is therefore time-barred. Accordingly, petitioner's application is denied.

Petitioner's judgment of conviction became final on December 22, 2015, ninety days after petitioner was denied leave to appeal the New York Appellate Division's affirmation of his sentence. *See People v. Gray*, 26 N.Y.3d 968 (2015).

4

Thereafter, he had one year to file his habeas corpus petition within the statute of limitations—until December 22, 2016. 28 U.S.C. § 2244(d)(1)(A); *see also Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.").

Because petitioner is *pro se* and incarcerated, his petition was considered "filed" at the moment of delivery to prison officials. *See Houston v. Lack,* 487 U.S. 266, 276 (1988). The Second Circuit has also recognized that this "prison mailbox" rule applies to habeas corpus petitions. *See Noble v. Kelly,* 246 F.3d 93, 97-98 (2d Cir. 2001). In his petition, petitioner declared under penalty of perjury that the petition was placed into the prison mailing system on December 27, 2016, and the petition itself was signed on December 23, 2016. (Pet. at 14.) In his reply, petitioner "positively assert[ed] that the federal Habeas Corpus petition was turned over to prison authorities on December 23, 2016." (Memo in Support at 5.) Whether the court considers either date, the petition is untimely because it was filed after the December 22, 2016 deadline.

The statute of limitations, however, in "[28 U.S.C]. § 2244(d) is subject to equitable tolling" and a habeas petitioner is entitled to "'equitable tolling' only if he shows, '(1) that

5

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *see also Valverde v. Stinson,* 224 F.3d 129, 133 (2d Cir. 2000) (asserting that habeas petitions may be equitably tolled in extraordinary or exceptional circumstances). Petitioner has provided no evidence of any sort of extraordinary circumstances and, therefore, equitable relief from the one-year statute of limitations period is unavailable.

In addition, a petitioner may receive an equitable exception to the statute of limitations based on a credible showing of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 392 (2013). But petitioner has not raised an actual innocence argument and, therefore, this exception does not excuse his failure to file on time.

Even if the petition had not been filed outside the statute of limitations, petitioner's claim would still fail on the merits. Courts can consider habeas petitions on behalf of people "in custody pursuant to the judgment of a State court only on the ground that the custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Courts may grant habeas relief when a state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined

by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In *Smith v. Wenderlich*, 826 F.3d 641 (2d Cir. 2016), a case in which another habeas petitioner was resentenced to a definite post-release supervision term in accordance with N.Y. Penal Law § 70.45(1), and raised the same double jeopardy claim, the Second Circuit's decision is dispositive of the merits of petitioner's claim here. The Second Circuit held that "under the deferential standard of AEDPA review, it is not contrary to or an unreasonable application of [*United States v.*] *DiFrancesco* for a state court to hold that the Double Jeopardy Clause permits the resentencing of a prisoner while he is still in prison, when such resentencing is necessary to impose a term of supervised release required by statute." *Id.* at 651.

Moreover, "the State court's affirmance of the resentencing . . . was not contrary to" the holding of *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), and "there was no issue in *Wampler* as to the permissibility of a sentence's amendment by the court." *Id.* at 652. The Second Circuit had previously noted that *Wampler* was "based in the due process guarantees of the United States Constitution." *Earley v. Murray*, 451 F.3d 71, 76 n.1 (2d Cir. 2006). "Any deficiency in the sentence could have been corrected through the proper procedures. The Supreme Court thus recognizes that procedural

7

requirements in sentencing demand that a sentence must be imposed by a judge, on the record, in court." *Id.*

Because petitioner's definite term of post-release supervision was imposed by a judge, on the record, in court, while petitioner continued to serve his prison sentence, the resentencing was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

**CONCLUSION**

For the foregoing reasons, petitioner's petition for a writ of habeas corpus is denied and dismissed. The Clerk of Court is respectfully directed to enter judgment and mail a copy of this Memorandum and Order and the judgment to *pro se* petitioner and note service on the docket.

**SO ORDERED.**

Dated:    May 7, 2019
          Brooklyn, New York

/s/
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York